IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00310-RMR-KLM

RICHARD PATTON, JR.,

Plaintiff,

v.

SUDDOTH, Correctional Officer,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [#15][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#23] in opposition to the Motion [#15], and Defendant filed a Reply [#24]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motion [#15] has been referred to the undersigned for a recommendation regarding disposition. *See* [#20]. The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised

---

1 "[#15]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

2 The Court must construe liberally the filings of pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#15] be **GRANTED**.

## I. Background[3]

Plaintiff alleges that, on December 7, 2020, while incarcerated at the United States Penitentiary in Florence, Colorado ("USP—Florence"), he was escorted to the Special Housing Unit ("SHU") by Defendant, a correctional officer, for the alleged offense of exposing his penis to a female employee while he was in the shower. *Compl.* [#1] at 4. While escorting Plaintiff, Defendant said, "How would you feel if I showed your mom my penis?" *Id.* When the two reached the entranceway to the SHU, Defendant allegedly grabbed Plaintiff by the back of his head and "vigorously smashed" Plaintiff's face into the window, causing Plaintiff "excruciating pain" but not "serious injury." *Id.* at 4-5. Plaintiff asserts that he was not resisting or causing a disturbance at the time. *Id.* at 4. Plaintiff states that the conduct occurred because he is an African American male and the female employee was white. *Id.* at 5. In this lawsuit, Plaintiff asserts an excessive force claim under the Eighth Amendment, pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), seeking $75,000 in compensatory damages and $75,000 in punitive damages from Defendant. *Id.* at 4, 8. In the present Motion [#15], Defendant seeks dismissal of Plaintiff's claim against him pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Standard of Review

[3] All well-pled facts from the Complaint [#1] are accepted as true and viewed in the light most favorable to Plaintiff as the nonmovant. *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 17 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in

the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.4d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown[n][ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

**III. Analysis**

In *Silva v. United States*, 45 F.4th 1134 (10th Cir. 2022), the Tenth Circuit Court of Appeals applied *Bivens*, in light of the recent United States Supreme Court decision in *Egbert v. Boule*, __ U.S. __, 142 S. Ct. 1793 (2022), to an Eighth Amendment excessive force claim asserted under *Bivens* by a prisoner at USP—Florence, the same facility at which Plaintiff was incarcerated at the time of the underlying incident. The plaintiff in *Silva* had alleged that the officer-defendant came to his cell while the plaintiff was restrained and physically assaulted him after falsely accusing him of assaulting the officer-defendant. *Silva*, 45 F.4th at 1136.

The circumstances underlying *Silva* and the present case are materially identical for purposes of applying *Bivens*, and the Tenth Circuit's decision in *Silva* effectively forecloses Plaintiff's claim in this lawsuit. *Bivens* essentially permits an implied claim for damages from federal agents who allegedly violate a person's constitutional rights. *Silva*, 45 F.4th at 1138. However, as the Tenth Circuit stated, "[i]n the years since it first expressed caution at the prospect of expanding *Bivens*, the [Supreme] Court has performed its own version of Bonaparte's retreat from Moscow and progressively chipped

away at the decision—to the point that very little of its original force remains." *Id.* at 1138-39. In fact, the Tenth Circuit interprets the Supreme Court's 2022 decision in *Egbert* as not only concluding that expanding *Bivens* is "a disfavored judicial activity," but rather "is an action that is impermissible in virtually all circumstances." *Id.* at 1140.

Applying *Egbert* to the Eighth Amendment excessive force claim asserted by the *Silva* plaintiff, the Tenth Circuit unequivocally held that such a claim has no remedy under *Bivens*, stating:

> Because the Supreme Court has recognized independent means of disposing of *Bivens* claims, we focus our analysis on the alternative remedial schemes available to Plaintiff. Plaintiff's excessive force claim arises in the federal prison context because he asserts a claim against a Bureau of Prisons ("BOP") official. As such, Defendant argues that the BOP Administrative Remedy Program qualifies as an adequate alternative remedy for Plaintiff's claim. The magistrate judge and district judge considering the case below both list the BOP's Administrative Remedy Program as one of several adequate alternative remedies available to Plaintiff. Plaintiff disagrees. He argues the BOP Program "is not the kind of 'alternative remedial structure' the Supreme Court has described" because "the Administrative Remedy Program is a regulatory creation of the BOP" and "offers no indication that Congress sought to displace a *Bivens* remedy with any administrative regime."
>
> But Plaintiff's argument falls short for two reasons. First, Plaintiff's argument that the BOP Program is inadequate because it is a regulatory scheme rather than a congressionally mandated one cannot stand in the wake of *Egbert*. The Supreme Court expressly stated that an alternative remedial scheme is sufficient "[s]o long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence." The fact that the BOP Administrative Remedy Program is a regulatory scheme is therefore irrelevant to any determination of adequacy. Second, the Supreme Court has long since described the BOP Administrative Remedy Program as an adequate remedy. We therefore have little difficulty concluding that the BOP Administrative Remedy Program is an adequate "means through which allegedly unconstitutional actions . . . can be brought to the attention of the BOP and prevented from recurring." "[B]ecause *Bivens* 'is concerned solely with deterring the unconstitutional acts of individual officers,'" we find the

> availability of the BOP's Administrative Remedy Program offers an independently sufficient ground to foreclose Plaintiff's *Bivens* claim. Accordingly, we need not inquire any further to decide this appeal.

*Silva*, 45 F.4th at 1141 (internal citations omitted).

Here, there is no question that the BOP has a formal grievance procedure at USP—Florence, not only because the Tenth Circuit very recently addressed it in *Silva* but also because Plaintiff states in his Complaint that the procedure exists. *Compl.* [#1] at 6. Thus, as in *Silva*, the Court need not inquire further to find that Plaintiff's claim under *Bivens* fails.

Accordingly, the Court **recommends** that the Motion [#15] be **granted** and that Plaintiff's Eighth Amendment claim be **dismissed with prejudice**. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (discussing when it is appropriate to dismiss a pro se litigant's claims with prejudice versus without prejudice).

## IV. Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#15] be **GRANTED**, and that Plaintiff's sole claim under the Eighth Amendment be **DISMISSED with prejudice** and that this case be **CLOSED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v.*

*Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: January 10, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge