IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 22-cv-00310-RMR-KLM

RICHARD PATTON, JR.,

    Plaintiff,

v.

SUDDOTH, Correctional Officer,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

This matter is before the Court on the Recommendation of United States Magistrate Judge, ECF No. 27, filed January 10, 2023, addressing Defendant's Motion to Dismiss, ECF No. 15. Magistrate Judge Kristen L. Mix recommends that the Motion be granted and this case be dismissed with prejudice. ECF No. 27 at 2, 6.

The Recommendation states that any objection to the Recommendation must be filed within fourteen days after its service. *Id*. at 6–7; *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). No timely objection to the Recommendation has been filed; therefore, Plaintiff is not automatically entitled to de novo review of the Recommendation. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for

appellate review."); *cf.* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

In this matter, the Court has reviewed the Recommendation to "satisfy itself that there is no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Even if the Court were to consider the issue de novo, the Court agrees with the Recommendation and finds that it accurately sets forth and applies the appropriate legal standard. For the reasons stated in the Recommendation, Plaintiff has no *Bivens* remedy for his Eighth Amendment excessive force claim. Therefore, the Court GRANTS Defendant's Motion to Dismiss.

Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge, ECF No. 27, is ACCEPTED and ADOPTED; it is

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *National Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

FURTHER ORDERED that Defendant's Motion to Dismiss, ECF No. 15, is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint and this case are DISMISSED WITH PREJUDICE.

DATED: January 25, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge